GULDEN v. CHANCE.

(Circuit Court, E. D. Pennsylvania. July 31, 1908.)

No. 8, October Sessions, 1907.

1. TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—TEST.
    Similarity, and not identity, is the test of infringement of a trade-mark; and it is sufficient to make out infringement if the imitation is such that unwary purchasers are likely to be misled thereby.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 64.]

2. SAME—"DON CARLOS" AND "DON CÆSAR."
    Under the above rule the word "Don Cæsar," applied to imported Spanish olives packed in glass bottles by defendant, is an infringement of the trade-mark "Don Carlos," previously applied to similar olives similarly packed by complainant.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, §§ 68–72.]

In Equity. On motion for preliminary injunction against infringement of the trade-mark "Don Carlos" and unfair competition in trade by reason of simulated labels, etc.

The bill alleged adoption, registration, and use of the words "Don Carlos," as applied to Spanish olives imported and packed by complainant, and also the use of certain distinctive forms of bottles, in which the goods were packed, and labels attached thereto; that the defendant had adopted and used the word "Don Cæsar," as applied to Spanish olives imported and packed by him, and also the same general style of bottles and labels. An injunction was asked

against infringement of the technical trade-mark "Don Carlos," and also against unfair competition in trade by reason of simulated bottles and labels.

T. D. Merwin, for the motion.
Frank P. Prichard and John K. Andre, opposed.

ARCHBALD, District Judge.[1] A trade-mark, to be of any value, must be able to be protected, not only against a palpable imitation, which will rarely be attempted, but against a colorable one as well, which is just as effective for purposes of deception, and which, therefore, invites the ingenuity of those who wish to take advantage of it. Similarity, and not identity, is thus the test, and it is sufficient to make out infringement if the imitation is such that unwary purchasers are likely to be misled thereby. 28 American & Eng. Encycl. Law (2d. Ed.) 410, 411.

In the present instance the complainant, who is a packer and dealer in olives has adopted and registered the words "Don Carlos" as a trade-mark making use of it in connection with a certain brand of olives which he puts up. The defendant, who is in the same business, has adopted the name "Don Cæsar" for the same purpose, and the question is whether the two conflict. It seems to me quite obvious that they do. So closely alike, indeed, are they, that I find myself at times having to think twice in order to keep clearly in mind which belongs to the one party and which to the other. Both names are Spanish, and are applied to a Spanish product, and both have the same prefix "Don," followed by a proper name of two syllables beginning with the same letter. To the confusion so induced the color and style of label also, as well as the general dress of the respective packages, while not enough, perhaps, to make out a charge of unfair competition, unquestionably add. That people who have learned to identify the complainant's olives by the trade-mark "Don Carlos" are likely to be deceived by that of "Don Cæsar" there can be little doubt, and as this is as clear now as it can ever be made, and nothing can apparently do away with it, the complainant is entitled to an injunction at this time, without having to wait until the final hearing.

The motion for a preliminary injunction is therefore granted as to the use of the name "Don Cæsar," but is refused as to the other matters prayed for.

[1] Specially assigned.